# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| TENIKA WALKER,<br><br>   Plaintiff,<br><br>V.<br><br>AIRTIGHT FACILITECH, LLC,<br><br>   Defendant. | CIVIL ACTION FILE NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff, Tenika Walker ("Plaintiff" or "Ms. Walker"), by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against the Defendant AirTight FaciliTech, LLC ("Defendant" or "AirTight"), stating as follows:

### I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. (Title VII).

2. This Court has jurisdiction over the parties of this action because the employment practices described herein took place in Mecklenburg County, North Carolina.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4. The Equal Employment and Opportunity Commission (EEOC) investigated Plaintiff's claims and issued her a Notice of Right to Sue.

### II. PARTIES

5. Plaintiff is a citizen of the United States and a resident of North Carolina.

6. Defendant is a corporation registered to conduct business in the State of North Carolina.

7. Defendant may be served through its registered agent, CT Corporation System, located at 150 Fayetteville St, #1011, Raleigh, NC 27601.

8. Defendant employed fifteen (15) employees or more at all times relevant to this lawsuit.

9. Defendant is subject to the requirements of Title VII.

### III. FACTUAL ALLEGATIONS

10. Plaintiff worked for Defendant as a Service Coordinator.

11. Plaintiff's employment with Defendant began in 2016.

12. Plaintiff is African-American.

13. On or around December 18, 2019, Plaintiff's supervisor, Mr. Ben Welch, issued her a write-up for allegedly failing to process 15 invoices in a timely manner.

14. Mr. Welch is Caucasian.

15. Ms. Candace Harger, HR Manager, was present when Mr. Welch reviewed the disciplinary action with Plaintiff.

16. Ms. Harger is Caucasian.

17. After this meeting, Plaitniff reviewed the invoices and learned that they should not have been processed because their respective client projects were ongoing.

18. Plaintiff notified Mr. Welch and Ms. Harger, who agreed with her findings.

19. However, they did not rescind the disciplinary action.

20. Mr. Welch supervised three Service Coordinators, including Plaintiff.

21. Plaintiff was the only African-American under Mr. Welch's supervision.

22. Plaintiff observed that Mr. Welch held her to a different standard than the other Service Coordinators.

23. Specifically, Mr. Welch showed preference to the other Service Coordinators regarding work assignments, and he often refused to acknowledge Plaintiff during the day.

24. Mr. Welch would speak regularly with other Service Coordinators.

25. Plaintiff is also not aware of any other Service Coordinators who were disciplined for not processing invoices while a client project was ongoing.

26. On December 30, 2019, Plaintiff met with Ms. Harger and complained that she was being treated differently by Mr. Welch because of her race.

27. On January 7, 2020, Plaintiff told Mr. Clay Cooper (Caucasian), General Manager, that she believed Mr. Welch was targeting her based on her race.

28. A week later, Plaintiff had a meeting with Mr. Welch, Mr. Cooper, and Ms. Harger to discuss her concerns.

29. On February 18, 2020, AirTight terminated Plaintiff.

## IV. CLAIM FOR RELIEF

## COUNT I

## TITLE VII RETALIATION

30. Plaintiff incorporates by reference paragraphs 1-29 of her Complaint as if fully set forth herein.

31. Plaintiff complained in December 2019 and January 2020 that Defendant was subjecting Plaintiff to discrimination due to her race, which constitutes protected activity under Title VII.

32. Defendant terminated Plaintiff in February 2020, which constitutes a materially adverse employment action.

33. The temporal proximity between the protected activity and the adverse action supports a finding of causation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. Full back pay plus interest, front pay, compensatory damages, punitive damages, reasonable attorney fees, and costs in accordance with the Title VII; and

d. Any other relief this Court deems proper and just.

Respectfully submitted this 28th day of April, 2021.

THE KIRBY G. SMITH LAW FIRM, LLC

/s/Alexander C. Kelly
Alexander C. Kelly
North Carolina Bar No. 49308
THE KIRBY G. SMITH LAW FIRM, LLC
111 N. Chestnut St.
Suite 200
Winston-Salem, NC 27101
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com

*Attorney for Plaintiff*

**JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 28th day of April, 2021.

                THE KIRBY G. SMITH LAW FIRM, LLC

                /s/Alexander C. Kelly
                Alexander C. Kelly
                North Carolina Bar No. 49308
                THE KIRBY G. SMITH LAW FIRM, LLC
                111 N. Chestnut St.
                Suite 200
                Winston-Salem, NC 27101
                T: (704) 729-4287
                F: (877) 352-6253
                ack@kirbygsmith.com

                *Attorney for Plaintiff*